WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald Harris, | No. CV-15-00449-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| ASARCO LLC, | |
| Defendant. | |

Pending before the Court are Plaintiff's Motion for Conditional Referral to the Department of Labor (Writ of Assistance), with a Stay of Proceedings (Doc. 44), and Plaintiff's Motion for Oral Argument and Revisit the Motion for Appointment of Counsel (Doc. 47). Defendant filed responses in opposition to the motions. (Docs. 45, 48.) Plaintiff has not filed replies to the responses, and the time to do so has lapsed. This matter is ripe for review.

**I.  FACTUAL HISTORY**

In April of 2013, Plaintiff notified Defendant's Human Resources that he was being treated differently from other employees due to his disability. (Doc. 1 at ¶ 14.) Plaintiff suffers from Asperger's Syndrome/Autism Spectrum Disorder. *Id*. at ¶ 11. Plaintiff alleges that after he requested accommodations he was needlessly disciplined and discriminated against due to his disability. *Id*. at ¶¶ 19-23. On May 15, 2014, Defendant terminated Plaintiff. *Id*. at ¶ 50.

### A.    *EEOC Charge*

In June of 2013, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), which was amended for the last time in May of 2014. *Id.* at ¶¶ 53, 55; Def.'s Resp. (Doc. 45), U.S. EEOC Charge No. 540-2013-02425 (Ex. "1"); Def.'s Resp. (Doc. 45), U.S. EEOC Amended Charge No. 540-2013-02425 (Ex. "4").

On June 24, 2015, the EEOC dismissed Plaintiff's charge and notified Plaintiff of his right to sue. (Def.'s Resp. (Doc. 45), U.S. EEOC Dismissal and Notice of Rights (Ex. "5").) Additionally, the EEOC notified Plaintiff "If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please **make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)." *Id.* (emphasis in original).

### B.    *MSHA Complaint*

In March of 2014, Plaintiff filed a complaint with the Mine Safety and Health Administration ("MSHA"). (Doc. 44 at ¶ 3.) MSHA sent Plaintiff a letter stating that MSHA did "not believe that there is sufficient evidence to establish, by a preponderance of the evidence that a violation of Section 105(c) occurred. For that reason, the Secretary of Labor will not file a discrimination case with the Federal Mine Safety and Review Commission ("Commission") in this matter. However, you continue to have the right to file a discrimination case on your own behalf with the Commission. If you decide to file your own case, you must do so within 30 days of this letter . . . ." (Def.'s Resp. (Doc. 45), Letter from U.S. Dep't of Labor, MSHA (Ex. "6").)

### C.    *Lawsuit*

Plaintiff did not provide new information to the EEOC or MSHA or file an appeal. (*See* Doc. 45.) Instead, Plaintiff filed a complaint in federal court. (Doc. 1.) There is no indication that Plaintiff requested his EEOC charge filed until now. (*See* Doc. 44.)

## II. REQUEST FOR A STAY

"When deciding whether to stay a pending proceeding, a court must weigh competing interests including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. The moving party bears the burden of making out a clear case of hardship on inequity in being required to go forward." *Prescott v. Rady Children's Hosp.-San Diego*, 265 F. Supp. 3d 1090, 1098 (S.D. Cal. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Plaintiff requests to refer this matter to the Department of Labor. (Doc. 44.) Plaintiff is requesting that the Department of Labor obtain additional records and review their existing records from the EEOC charge and the MSHA complaint and determine if Defendant acted in bad faith when terminating Plaintiff. *Id*. This is essentially a request that the Department of Labor conduct further investigation and reconsider Plaintiff's EEOC charge and MSHA complaint outside the non-jurisdictional deadlines. Plaintiff asserts that he should still be permitted to make this request because the deadlines are non-jurisdictional. (Doc. 47 at ¶ 10.) This is incorrect. Failure to satisfy non-jurisdictional requirements may result in dismissal. Fed. R. Civ. P. 12(6); EEOC v. Blinded Veterans Ass'n, 128 F. Supp. 3d 33, 37 (D.D.C. 2015). Otherwise the deadlines put in place by Congress and the agency would be meaningless. Plaintiff has not provided any information as to why the deadlines should be tolled. (Docs. 44, 47.) Further there is no indication that the EEOC still possesses Plaintiff's charge file as more than six months as passed since the EEOC's last action on Plaintiff's charge. Therefore, requiring the EEOC to re-evaluate their conclusions would require the EEOC to re-conduct their investigation. Therefore, staying the matter is not likely to simplify any matter, despite Plaintiff's assertions. Finally, Plaintiff's inquiry is more appropriately resolved through discovery

requests. Plaintiff may seek assistance in completing a discovery request or demand through Step Up to Justice.[1] Plaintiff would not be burdened by this matter continuing forward.

The Court finds that a stay is not appropriate, as this matter shall not be referred to the Department of Labor.

## III. REQUEST FOR REFERRAL TO DEPARTMENT OF LABOR

It is the Court's understanding that Plaintiff requests that this matter be referred to the Department of Labor, with an order that the Department of Labor conduct additional investigation into this matter and issue a factual ruling. (Doc. 44.) The request would be to limit discovery necessary in this matter as the Department of Labor will conduct discovery and make a factual determination as to one of Plaintiff's claims. This request will be denied. It is neither the Court's nor the Department of Labor's responsibility to conduct discovery in this matter. As explained above, it is likely that the Department of Labor is unable to comply with this request as all applicable deadlines have long passed, and the EEOC has likely destroyed the relevant charge filed. (*See* Def.'s Resp. (Doc. 45), U.S. EEOC Dismissal and Notice of Rights (Ex. "5"); Def.'s Resp. (Doc. 45), Letter from U.S. Dep't of Labor, MSHA (Ex. "6").) Plaintiff may contact Step Up for Justice regarding advice on conducting discovery.

## IV. REQUEST FOR COUNSEL AND ORAL ARGUMENT

The Court finds that Plaintiff has not shown at this time that there are exceptional circumstances in this case that warrant appointment of counsel in this civil case. *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). That motion, therefore, will be DENIED.

Plaintiff's request for oral argument is denied, as oral argument would not be helpful to the Court.

---

[1] Step Up to Justice (http://www.stepuptojustice.org/) offers a free, advice-only clinic for self-represented civil litigants on Thursdays from 1:30 p.m. to 3:30 p.m. If a pro se litigant wishes to schedule a clinic appointment, she should contact the courthouse librarian, Mary Ann O'Neil, at MaryAnn_O'Neil@LB9.uscourts.gov.

## V. REQUEST FOR DECLARATORY JUDGMENT AND MINUTE ENTRY

In Plaintiff's Motion for Oral Arguments and Revisit the Motion for Appointment of Counsel, Plaintiff requests a "declaratory judgment and court-minute concluding that just-stated unsolicited legal advice [that the ex parte contact with the Court is prohibited] is improper-in-fact, and demonstrates malpractice." (Doc. 47 at ¶ 9.) Defendant does not address this issue in their response. (*See* Doc. 48.) Regarding ex-parte communication, both parties have been notified that "[t]he parties shall not contact the Court's staff (i.e., Law Clerks or the Judicial Assistant) telephonically or by e-mail to ask questions or express concerns regarding cases pending before the Court, and the Court has directed its staff not to entertain any such informal communication." (Doc. 3 at 1.) Therefore, except for the exceptions listed in the Court's September 23, 2015 Order, the parties shall not contact the Court. The request is denied to the extent any confusion has not been clarified.

## VI. ADMONISHMENT AND SETTLEMENT CONFERENCE

The Court shall not issue an admonishment at this time.

The Court believes that a settlement conference mediated by a Magistrate Judge would be helpful to the parties at this point. Therefore the Court will order the parties to participate in a settlement conference. The Court will also issue a stay of the current deadlines in recognition of the settlement conference.

## VII. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's motions for referral to the Department of Labor with a stay (Doc. 44) and for oral arguments and appointed counsel (Doc. 47) are denied.

IT IS FURTHER ORDERED that Magistrate Judge Bruce G. Macdonald shall conduct a settlement conference at a date and time that is convenient for him, and that the parties shall comply with any requirements imposed by Magistrate Judge Macdonald in relation to the settlement conference. By no later than Friday, June 01, 2018, the parties shall contact Magistrate Judge Macdonald's chambers at (520) 205-4520 to schedule the

settlement conference. Within seven days of the conclusion of the settlement conference, the parties shall file a document with the Court stating whether or not the case settled.

IT IS FURTHER ORDERED that due to the parties' participation in settlement conference that deadlines shall be stayed until the settlement conference is resolved.

Dated this 3rd day of May, 2018.

_____
Honorable James A. Soto
United States District Judge